UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWIN J. COHENS,

         Plaintiff,

    v.

ALAMEDA COUNTY SHERIFF
DEPARTMENT,

         Defendant.

Case No.  13-cv-00303-JST

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS WITH
PREJUDICE, DENYING MOTION TO
STRIKE, AND REMANDING CASE TO
ALAMEDA SUPERIOR COURT**

Re: ECF Nos. 21 & 22

## I.     INTRODUCTION

Defendant Alameda County Sheriff Department ("Defendant") now moves to dismiss plaintiff Edwin Cohens' ("Plaintiff") Second Amended Complaint ("SAC"), and to strike his claim for exemplary damages.  ECF Nos. 22 & 22.  The Court motion is GRANTED IN PART and DENIED IN PART.  The Court DISMISSES Plaintiff's single federal cause of action WITH PREJUDICE, and will not exercise jurisdiction to address the remaining state-law claims. Plaintiff may not file an amended complaint.  The Court DENIES AS MOOT Defendant's motion to strike, without prejudice.  The case is REMANDED to Alameda Superior Court.

## II.     BACKGROUND

### A.     Procedural Background

Plaintiff filed a complaint against Defendant in Alameda Superior Court on November 12, 2012, which Defendant removed to this Court on January 22, 2013.  ECF No. 1.  The same day the initial complaint was removed, Plaintiff filed the FAC, which Defendant then removed on January 31.  ECF No. 3.  The FAC asserted only state-law claims, except for one cause of action that the Court construed to arise under 42 U.S.C. § 1983.  See Order Granting in Part and Denying in Part

United States District Court
Northern District of California

1   Defendant's Motion to Dismiss and Denying Motion to Strike ("Previous Order"), ECF No. 18, at

2   2:1-5.  On Defendant's motion, the Court dismissed Plaintiff's sole federal claim without

3   prejudice and declined to exercise jurisdiction over Plaintiff's state-law claims.  Id.  In that order,

4   the Court stated that if Plaintiff wished to re-assert his federal claim, he was ordered to "allege

5   specific facts from which this Court can plausibly infer that the Alameda County Sheriff's

6   Department had a custom, policy or practice of violating his constitutional rights," and warned

7   that if Plaintiff failed to do so, the complaint would be dismissed with prejudice.  Id., at 5:22-6:4.

8        Plaintiff filed a Second Amended Complaint on May 23.  SAC, ECF No. 19.  Defendant

9   has filed motions to dismiss and motions to strike, which the Court now considers.  ECF Nos. 22

10  & 22.

**B.    Jurisdiction**

12       Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over causes of action that

13  arise under federal law.  Since the fifth cause of action in the FAC arises under 42 U.S.C. § 1983

14  and the United States Constitution, removal was proper pursuant to 28 U.S.C. §1441(b).  To the

15  extent that the SAC continues to assert a § 1983 claim, the Court has jurisdiction to consider it.

16       The only jurisdiction this Court might exercise over the state claims in the SAC is

17  supplemental jurisdiction under 28 U.S.C. § 1367.  "That provision applies with equal force to

18  cases removed to federal court as to cases initially filed there."  City of Chicago v. Int'l Coll. of

19  Surgeons, 522 U.S. 156, 165 (1997).  However, "a district court has discretion to remand to state

20  court a removed case involving pendent claims upon a proper determination that retaining

21  jurisdiction over the case would be inappropriate."  Carnegie-Mellon Univ. v. Cohill, 484 U.S.

22  343, 357 (1988).  "[I]n the usual case in which all federal-law claims are eliminated before trial,

23  the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy,

24  convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the

25  remaining state-law claims."  Id., 484 U.S. at 350, n.7.

**II.    MOTION TO DISMISS**

**A.    Legal Standard**

28       "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

United States District Court
Northern District of California

legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   "To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, --- U.S. ---, 132 S. Ct. 2101 (U.S. 2012).  "The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Id.

*Pro se* submissions are held to less stringent standards than complaints drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A *pro se* complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pena v. Gardner, 967 F.2d 469, 471 (9th Cir. 1992) (internal citations omitted); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc)) ("our 'obligation' remains, 'where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").  However, the Court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we

construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure")).

**B.     Analysis**

    **1.     Plaintiff's § 1983 Claim**

    Although Plaintiff does not list it among his numbered causes of action, the Court liberally construes the SAC to reassert Plaintiff's § 1983 claim. See SAC, at 2:25, 8:5-6.  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).  "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Id.

    The SAC alleges no well-pled facts from which this Court can infer that it is plausible that Defendant has an official policy or custom to violate Plaintiff's constitutional rights.  The SAC lists specific "agents" that Plaintiff believes have been burning his flesh with some type of electronic device that can penetrate through the exterior of his truck and the walls of his hotel room.  See SAC, at pp. 4-7.  The SAC does not contain sufficient factual allegations from which the Court can plausibly infer that these 'agents' are actually causing Plaintiff harm.  Even if it did, the SAC does not establish that the agents are connected to Defendant, much less that they are effectuating a specific policy or custom of the Sheriff's Department.  Plaintiff's bare assertions that the 'agents' were "hired by the Alameda County Sheriff Dept . . . to torture the Plaintiff" cannot establish a valid connection between these 'agents' and Defendant. Id., at 5:7-9.  "[M]ere conclusory statements" do not qualify as factual allegations entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    Plaintiff also alleges that he has "seen unmarked cars of the Alameda County Sheriff Dept around the area of . . . [Plaintiff's hotel] engaging in conversation with various agents." SAC, at 8:14-16.  Plaintiff presumably means that the 'agents' are communicating with individuals in these unmarked cars, but he does not explain how he knows that these cars are affiliated with Defendant, or why these conversations are relevant to his alleged harm.  Plaintiff also states that he has "overheard the Agents talking to the Alameda County Sheriff on the phone getting directions on equipment, getting someone to relieve [sic] them and when they were going to get paid." Id., at

United States District Court
Northern District of California

8:21-23.  Plaintiff does not explain how he came to overhear these phone calls, and how he knows that the 'agents' are talking to officials affiliated with the Alameda County Sheriff's Department. These allegations, like the allegations of the harm Plaintiff claims to suffer, are highly implausible, and Plaintiff has not, as ordered, provided sufficient additional facts to render them plausible.  See Previous Order, at 4:23-27; 5:22-6:2.

The SAC, like its predecessor, does not allege facts sufficient to state a § 1983 claim, and the Court again dismisses it. While dismissal is normally without prejudice, a court may dismiss without granting leave to amend after considering the factors of "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  "The fourth and fifth factors, futility and prior amendment" can be dispositive when a plaintiff's amendment adds nothing to the original complaint.  Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 356 (9th Cir. 1996).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

This is Plaintiff's third complaint.  Plaintiff has yet to allege facts in any of the complaints sufficient to state a viable § 1983 claim.  The Court is mindful of the high standard for construing and dismissing complaints by pro se litigants.  "Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment," and "a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend." Frey v. United States, 122 F.3d 1071 (9th Cir. 1997).  The Court carefully explained the deficiencies in the FAC to Plaintiff in its Previous Order, and Plaintiff has alleged no new plausible facts stating a claim.  The Court concludes that it would be futile to permit further amendment.

### 2.   Plaintiff's State-Law Claims

Defendants also move to dismiss the SAC's other causes of action, all of which arise under

5

state law.[1]  The only jurisdiction this Court might exercise over those claims is supplemental

jurisdiction, pendent from Plaintiff's single federal claim, which the Court has now dismissed with

prejudice.  A district court has "a powerful reason to choose not to continue to exercise

jurisdiction" when all federal claims have been eliminated at an early stage of the litigation.

Carnegie-Mellon Univ., 484 U.S. at 350-51.  The Court therefore will not exercise jurisdiction

over these claims.

### III.    MOTION TO STRIKE

Defendant moves to strike the SAC's exemplary damage claim pursuant to Federal Rule of

Civil Procedure 12(f).  Plaintiff's exemplary damages claim appears to relate both to Plaintiff's

federal and state-law causes of action.  Therefore, for the same reasons discussed at II-B-2, *supra*,

the Court will deny the motion at this time, without prejudice towards Defendant re-filing it in a

remanded proceeding.

### IV.    REMAND

Upon a defendant's removal of a case to federal court, "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."  28 U.S.C. § 1447(c).   The Court has dismissed Plaintiff's sole federal claim with

prejudice, and has declined to exercise supplemental jurisdiction over the pendent state-law claims

in the complaint.  Therefore, remand is required.

### V.    CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss, and

DENIES Defendant's motion to strike.  Both denials are without prejudice towards Defendant re-

asserting the motions in any remanded proceedings.  Plaintiff's § 1983 claim is DISMISSED

/ / /

/ / /

/ / /

United States District Court
Northern District of California

---

[1] The SAC's second cause of action - "torture" - may not be a viable civil claim under state law. However, since the Court cannot construe it as a federal claim, it does not exercise jurisdiction over it.  In the SAC, Plaintiff labels this as a state-law claim.  See SAC, at 10:15-23.

WITH PREJUDICE.  Since the Court now lacks jurisdiction over the complaint, it is hereby REMANDED to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated: August 15, 2013

_____
JON S. TIGAR
United States District Judge